UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

LESLIE COLONNA,

    Plaintiff,

 v.

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.

CASE NO. 2:17-cv-00160 JCC JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

NOTING DATE: October 11, 2017

  This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkt. 12, 16, 17.

  After considering and reviewing the record, the Court concludes that this matter should be affirmed. For example, although plaintiff contends that the ALJ erred when evaluating the medical evidence, the ALJ's findings were based on substantial evidence

as a whole. Additional discussion by the ALJ regarding plaintiff's medical records also demonstrate many normal findings. Similarly, although plaintiff contends that the ALJ erred by failing to credit fully plaintiff's allegations and testimony, in part, the ALJ relied on a finding of an inconsistency between plaintiff's allegations and the treatment records, a finding also based on substantial evidence in the record.

Therefore, this matter should be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, LESLIE COLONNA, was born in 1961 and was 52 years old on the alleged date of disability onset of June 1, 2012 (*see* AR. 237-42). Plaintiff has his GED and completed some automotive classes at a community college (AR. 78). Plaintiff spent four years in the military as a mechanic, (*id.*), worked in seafood processing (AR. 74-75), and as a parts specialist in an auto parts store (AR. 69-73). He left the parts store when he felt like it just got to be too much (*id.*).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disk disease of the lumbar spine, affective disorder, anxiety disorder, and personality disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 15).

At the time of the hearing, plaintiff was living alone in an apartment (AR. 68).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 150, 151). Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) was filed on January 20, 2015 (AR. 254-60) and was escalated and adjudicated together with the SSI application (AR. 12). Plaintiff's requested hearing was held before Administrative Law Judge Virginia M. Robinson ("the ALJ") on October 23, 2014 (*see* AR. 61-108). On November 9, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 9-28).

On December 12, 2016, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in February, 2017. *See* Dkt. 4. Defendant filed the sealed administrative record regarding this matter ("AR.") on April 14, 2017. *See* Dkt. 10.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ erred in her weighing of the opinion evidence from two examining psychologists and plaintiff's mental health counselor; and (2) The ALJ erred in her weighing of plaintiff's credibility regarding his mental impairments. *See* Dkt. 12, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### (1) Did the ALJ err in her weighing of the opinion evidence from two examining psychologists and plaintiff's mental health counselor?

Plaintiff contends that the ALJ erred when giving minimal weight to the opinions of Dr. Czysz and Dr. Mitchell, two examining psychologists. Dkt. 12, pp. 4-9. Defendant contends that there is no error as the ALJ "properly summarized and interpreted the conflicting medical evidence within the record; including but not limited to the records from Drs. Czysz and Mitchell." Dkt. 16, pp. 14-16 (citing AR. 15-22).

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature

and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

Plaintiff contends that because the "record contains no contradictory opinions from a treating or examining source, [] the ALJ could only reject these opinions for 'clear and convincing' reasons." Dkt. 12, p. 3 (citing generally, *Ghanim v. Coleman*, 763 F.3d 1154, 1160-61 (9th Cir. 2014) ("to reject an uncontradicted opinion from a treating physician, the ALJ must provide 'clear and convincing reasons that are supported by substantial evidence'"); *Widmark v. Barnhart*, 454 F.3d 1063, 1067 (9th Cir. 2006) ("discussing the standard of review for examining physicians")). Defendant argues that because the opinions of Dr. Czysz and Dr. Mitchell are contrary to the medical opinion of non-examining doctor, Dr. Regets, "only specific and legitimate reasons based on substantial evidence in the record are need[ed] to reject their contrary opinions." Dkt. 16, p. 15 n.2 (citing as a comparison, AR. 136-149, with 367-372, 481-518) (other citation omitted). Plaintiff does not cite authority for the proposition that an opinion from a non-examining source is insufficient to render a contrary medical opinion "contradicted." *See* Dkt. 12, p. 3 (citing generally, *Ghanim*, 763 F.3d at 1160-61 ("to reject an uncontradicted opinion from a treating physician, the ALJ must provide 'clear and convincing reasons that are supported by substantial evidence'"); *Widmark*, 454 F.3d at 1067 ("discussing the standard of review for examining physicians")). Instead, plaintiff cites cases regarding the standard for medical opinions that are uncontradicted, and regarding that examining physicians' opinions generally are afforded more weight than the opinions of doctors who provide opinions based solely on the record and not on examination. *See id*. Defendant's

contention that the contrary opinion of (non-examining doctor) Dr. Regets renders the opinions from (examining doctors) Dr. Czysz and Dr. Mitchell "contradicted" is persuasive in light of Ninth Circuit case law. *See, e.g., Ryan v. Commissioner*, 528 F.3d 1194, 1198 (9th Cir. 2008). Therefore, the opinions from Dr. Czysz and Dr. Mitchell can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043; *Murray*, 722 F.2d at 502.

The ALJ discussed the medical opinion of examining psychologist, Dr. Czysz, noting that she opined that "the claimant had mild or no limitations in his ability to persist in simple instructions . . . . had moderate limitations in his abilities to plan independently, to ask simple questions, to be aware of normal hazards, to make simple decisions, to perform routine tasks, or to learn new tasks . . . . [and] had marked to severe limitations in his abilities to maintain appropriate behavior, to complete a normal work [day/week], to perform effectively in a work setting, to adapt to a routine work setting, or to maintain regular attendance." AR. 20-21 (citing AR. 367-72).

The ALJ gave minimal weight to the opinions from Dr. Czysz for numerous reasons. *See* AR. 21. For example, the ALJ found that plaintiff's "treatment records document minimal psychological complaints even with his recent discontinuance of psychiatric medication . . . . [and that] Dr. Czysz's assessment is otherwise inconsistent with the claimant's activities, treatment records, and overall examination findings." *Id*. The ALJ indicated that she gave greater weight to other psychological assessments based on this evidence, which she noted was "summarized in the prior

discussion of the 'paragraph B' criteria." *Id*. This finding that Dr. Czysz's assessment is inconsistent with the evidence summarized by the ALJ is based on substantial evidence in the record as a whole.

When discussing the paragraph B criteria, the ALJ included the following discussion:

> In activities of daily living, the claimant has mild restriction. During a psychological evaluation in October 2013, the claimant displayed fair hygiene and reported being independent in his activities of daily living. In a function report from January 2014, the claimant denied having problems performing his personal care. He stated he left his residence several times per week for appointments, and that he was managing his own finances.
>
> In social functioning, the claimant has no more than moderate difficulties. During treatment appointments since his alleged onset date, the claimant has consistently displayed normal mood, normal affect, normal behavior, and normal judgment. During medical care since his alleged onset date, his review of symptoms have been consistently negative for dysphoric mood. He has repeatedly reported having a good mood. In September 2012, the claimant reported that his daily activities include volunteering with the church. During a psychological evaluation in September 2013, the claimant reported that his daily activities included visiting friends. In his function report from January 2014, the claimant reported using public transportation as his primary means of travel. During the hearing, the claimant reported that he had been working as a full-time sales representative for an automotive parts store between April 2014 and September 2014. He declared that "if it wasn't for stocking batteries I would still be there probably." He testified that he had been performing cashiering during this work in 2014 in that he had good interactions with customers.

AR. 16 (internal citations omitted).

The ALJ's finding when failing to credit fully Dr. Czysz's opinion that plaintiff's "treatment records document minimal psychological complaints even with his recent discontinuance of psychiatric medication" is based on substantial evidence as a whole.

*See* AR. 21. For example, as noted by ALJ, on July 12, 2012, approximately a month and a half after plaintiff's alleged date of disability onset of June 1, 2012, plaintiff's treatment record indicates that he had normal mood and affect, and his behavior was normal, as was his judgment (AR. 472); on November 6, 2012, plaintiff's treatment record indicates that he had normal mood and affect (AR. 461); on February 26, 2013, plaintiff's treatment record indicates that he had normal mood and affect, as well as "thought content normal" (AR. 455); on April 9, 2013, plaintiff's treatment record indicates that he had normal mood and thought content (AR. 381); on May 1, 2013, plaintiff's treatment record indicates that he had normal mood and affect (AR. 450); on October 16, 2013, plaintiff's treatment record indicates that he had normal mood and affect (AR. 547); on January 13, 2014, plaintiff's treatment record indicates that his psychiatric presentation was "appropriate" (AR. 584); on June 3, 2014, plaintiff's treatment record indicates that he had normal mood and affect, and also indicates specifically that plaintiff "is not nervous/anxious" and that his exam was "negative for sleep disturbance and dysphoric mood" (AR. 614); on October 28, 2014, plaintiff's treatment record indicates that he had normal mood and affect (AR. 603).

Similarly, also as noted by ALJ, on July 18, 2012, when being evaluated by Dr. Czysz, Dr. Czysz opined that plaintiff's memory and concentration were within normal limits, although he displayed impaired thought process. *See* AR. 370-71. On September 21, 2012, while being assessed at intake for mental health care, plaintiff's mental status examination ("MSE") indicated that his affect was appropriate; his attitude was pleasant and cooperative; he demonstrated good eye contact; his psychomotor activity was within

normal limits; his speech had a normal rate and rhythm; his contemporaneous thought process now was logical and connected (in contrast with the contrary opinion from Dr. Czysz from approximately two months prior); his thought content was appropriate; his orientation was full; his immediate, recent and remote memory all were intact; and his judgment and insight both were good. AR. 434-35. Regarding his cognitive functioning, he was assessed as "No Impairments Noted." AR. 436. All of these intact and "normal" assessments of functioning were indicated even though plaintiff's mood was anxious and depressed. *See* AR. 434. At this time, regarding social interactions, plaintiff reported "going to the library and going to church and volunteering w[ith] [the] church." AR. 430. Regarding being able to use community resources or participate in leisure activities; and to keep appointments, perform chores, avoid common dangers, and avoid victimization, plaintiff reported "doing ok in these areas." AR. 431.

In September, 2013, plaintiff's thought process and content again both were within normal limits, as was his concentration. *See* AR. 485. He reported that he was able to complete his activities of daily living without assistance. AR. 482. By September 15, 2014, plaintiff's discharge summary includes the following: "Client's mood is stable and balanced, he is employed full-time, he is meaningfully engaged with his music, in relationships, and in volunteering at the food bank and his church. Major depressive disorder, recurrent, is currently in remission." AR. 562.

It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*,

278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan, supra,* 169 F.3d at 599, 601). The ALJ can accomplish providing specific and legitimate reasons based on substantial evidence in the record as a whole by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating h[er] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). That is what the ALJ did here.

Although plaintiff contends that "the ALJ contrasted the opinions of Dr. Czysz and Dr. Mitchell with plaintiff's discontinuing medications," which was approximately 2 years after the evaluation by Dr. Czysz, plaintiff fails to acknowledge that the ALJ also cited much evidence from a period of time before that, including, as already noted, evidence from approximately 2 months after this evaluation by Dr. Czysz. *See* AR. 16. The Court concludes that the ALJ's relatively detailed and thorough summary of the facts and conflicting clinical evidence, along with the ALJ's interpretation thereof and the ALJ's findings, entails specific and legitimate reasons based on substantial evidence in the record as a whole for the failure to credit fully the medical opinions of Dr. Czysz.

The ALJ also discussed the medical opinion from the examining psychologist, Dr. Mitchell, noting that "Dr. Mitchell opined that the claimant had moderate limitations in his ability to ask simple questions, to be aware of normal hazards, to make simple decisions, to perform routine tasks, to learn new tasks, or to persist with simple instructions . . . . [and] had marked to severe limitations in his abilities to plan independently, to maintain appropriate behavior, to complete a normal work [day/week], to perform effectively in a work setting, to adapt to a routine work setting, [and] to

maintain regular attendance." *See* AR. 21 (citation omitted). The ALJ gave minimal weight to Dr. Mitchell's assessment, for the same rationale as provided for giving minimal weight to Dr Czysz's opinion. *Id*.

Plaintiff contends that the ALJ erred by using "boilerplate" and by using copy and paste. *See* Dkt. 12, p. 6 (citing *Belanger v. Berryhill*, 2017 WL 1164401 (9th Cir. March 29, 2017)). Plaintiff contends that when "offering only boilerplate language, the ALJ made only general assertions without referring to any specific evidence contradicting these opinions." *Id*. However, as the Court quoted previously, the ALJ specified which evidence is inconsistent with these doctors' opinions, noting that some of this evidence was "summarized in the prior discussion of the 'paragraph B' criteria." *See* AR. 21. This summary by the ALJ already has been quoted and summarized extensively by the Court above, *see supra*, with respect to the ALJ's determination regarding Dr. Czsyz's opinion. Based on this evidence already discussed above, the Court concludes that the finding by the ALJ that "Dr. Mitchell's assessment is otherwise inconsistent with the claimant's activities, treatment records and overall examination findings" is based on substantial evidence in the record as a whole and entails a specific and legitimate reason for failing to credit fully the medical opinion of Dr. Mitchell.

Plaintiff also argues that the ALJ failed to provide germane reasons for giving minimal weight to the opinion of plaintiff's mental health counselor. *See* Dkt. 12, pp. 9-11. Defendant contends there is no error. *See* Dkt. 16, pp. 16-18.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 11

C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, therapists and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner, supra*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Ms. Ann Thompson, BS, submitted a letter describing plaintiff's functioning in June 2013. *See* AR. 559-60. As noted by plaintiff, Ms. Thompson believed that plaintiff would not be able to maintain a regular work schedule without absences, tardiness or extra breaks and would have difficulty maintaining concentration persistence and pace. *See* Dkt. 12, p. 9 (citing AR. 559-60). Ms. Thompson also opined that plaintiff "was unable to tolerate the stress of a normal work environment and was unable to routine[ly] interact in an appropriate manner with coworkers or the public." AR. 21 (citing AR. 559-50).

The ALJ gave minimal weight to Ms. Thompson's opinion, offering essentially the same reasons as she did for the opinions of Dr. Czysz and Dr. Mitchell. *See id.* For example, the ALJ found that plaintiff's "treatment records document minimal psychological complaints, even with his recent continuance of psychiatric medication . .

. . [and that her] assessment is also incompatible with the claimant's recent full-time work activities  . . . . [and] with the claimant's activities, treatment records, and overall examination findings." *Id*.

The ALJ's findings are based on substantial evidence in the record as a whole. For example, Ms. Thompson's opinion that plaintiff would have difficulties with concentration, persistence and pace, is inconsistent with the fact that on July 18, 2012, when being evaluated by Dr. Czysz, Dr. Czysz opined that plaintiff's concentration was within normal limits. *See* AR. 370-71. Her opinion also is inconsistent with the treatment record demonstrating that on September 21, 2012, plaintiff's MSE indicated that regarding his cognitive functioning, he was assessed as "No Impairments Noted," AR. 436, and in September, 2013, plaintiff's thought process and content again both were within normal limits, as was his concentration. *See* AR. 485.

Based on the record discussed above, the Court concludes that the ALJ offered germane reasons for failing to credit fully the opinion of other medical source, Ms. Thompson.

Finally, although plaintiff faults the ALJ for giving greater weight to the opinions of reviewing psychologists over those of the examining psychologist, and although greater weight generally is provided to opinions of those who examine a claimant, an ALJ may reject the opinion from an examining psychologist in favor of the opinion from a reviewing psychologist by providing specific and legitimate reasons based on substantial evidence in the record as a whole for doing so. As the Court has already concluded, this is what the ALJ did.

For the reasons discussed and based on the record as a whole, Court concludes that the ALJ did not err when evaluating the medical evidence.

**(2) Did the ALJ err in her weighing of plaintiff's credibility regarding his mental impairments?**

Plaintiff contends that the ALJ erred when failing to credit fully his allegations and testimony. Defendant contends there is no harmful error in the evaluation of plaintiff's allegations and testimony.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement"); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and analyzing a claimant's testimony regarding limitations lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999)

(citing *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (citing *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

The ALJ gave numerous reasons for failing to credit fully plaintiff's allegations and testimony. For example, the ALJ noted that an Administration of the Personality Assessment Inventory during a state agency psychological evaluation in September 2013 "indicated that the claimant exaggerated his complaints and problems in an effort to make an unfavorable impression." AR. 19 (citing AR. 481-97). Plaintiff argues that the ALJ mischaracterized the record in this finding. However, the record includes the following from Melanie E. Mitchell, Psy.D, Clinical Psychologist, who conducted, among other things, a personality profile of plaintiff:

> With respect to negative impression management, there are indications that the respondent endorsed items that present an unfavorable impression or represent particularly bizarre and unlikely symptoms. This result raises the possibility of an element of exaggeration of complaints and problems. Elevations in this range often indicate a "cry for help," or an extremely negative evaluation of oneself and one's life. Although this pattern does not necessarily indicate a level of distortion that would

> render the test results un-interpretable, interpretive hypotheses presented in this report should be reviewed with this tendency in mind.

(AR. 496).

Although it is true that an explicit finding of malingering sufficient to alter the standard by which plaintiff's allegations and testimony are judged is not present here, it nevertheless is appropriate for the ALJ to have considered the particular test results regarding potential exaggeration. Based on the record as a whole, the Court concludes that notation by the ALJ that an Administration of the Personality Assessment Inventory during a state agency psychological evaluation in September 2013 "indicated that the claimant exaggerated his complaints and problems in an effort to make an unfavorable impression" is a finding based on substantial evidence in the record as a whole. AR. 19 (citing AR. 481-97). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

The ALJ also noted that plaintiff's activities of daily living included "visiting libraries and volunteering with the church." AR. 20 (citing AR. 430). These findings are based on substantial evidence in the record as a whole, which includes plaintiff's report that he was visiting libraries, going to church, and volunteering with the church. *See* AR. 430. When discussing plaintiff's allegations, the ALJ noted that plaintiff "reported having anxiety when working around other people in his recent employment." AR. 18. The ALJ's inference that plaintiff's reported anxiety working around other people is

inconsistent with visiting libraries and going to church and volunteering with the church, is a logical inference based on substantial evidence in the record as a whole. *See Magallanes*, 881 F.2d at 750 (quoting *Davis*, 868 F.2d at 325-26) ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion'").

The ALJ also discussed the treatment record and found that it did not demonstrate any worsening of plaintiff's back impairment or psychological impairments since his prior administrative decision which was not appealed fully and which included a finding that plaintiff was capable of work despite the effects of his spinal impairment and psychological impairments. *See* AR. 12-13, 18-19.

The ALJ also found that plaintiff's "examination findings otherwise indicate minimal physical deficits as a result of his back impairment," and that his psychological "examination findings and treatment settings document generally normal psychological signs, in contrast to his presentation when seeking state assistance." AR. 18, 19. Both of these findings are based on substantial evidence in the record as a whole. Although an ALJ may not rely solely on a finding that allegations and testimony are not supported by the objective medical evidence, here, as discussed already, the ALJ also relied on other rationale when failing to credit fully plaintiff's allegations and testimony.

When discussing plaintiff's back impairment, the ALJ included the following discussion:

> During medical care in November 2012 - February 2013, [plaintiff] repeatedly reported having no back pain . . . . During medical care in May 2013, the claimant reported having back pain since the recent

> injury. He denied having weakness, numbness, or gait problems. He exhibited slight tenderness in his spine. He was given pain medication and was referred to physical therapy ("PT"). When attending PT two weeks later, the claimant reported that he had been doing landscaping work prior to his injury in 2013. During this PT, that claimant [reported] "feeling pretty well" since his injury and "he has much less pain." He declared that he could stand and sit without increased back pain. He now asked to be discharged from PT. At this time all this trunk movements were pain-free. When visiting his primary care clinic in July 2013, the claimant said his symptoms from the injury in April 2013 had abated and that his back pain had returned to its prior state. . . . . During medical care in June 2014, he reported decreased lower back pain. He denied having any current pain. He again displayed a lack of tenderness in his back. During medical care in October 2014, he reported that he "feels quite well" and had a completely unremarkable review of physical symptoms.

AR. 18-19.

The Court already has discussed some of the psychological treatment records reviewed by the ALJ, *see supra*, section 1. For example, the Court concluded that the "ALJ's finding when failing to credit fully Dr. Czysz's opinion that plaintiff's 'treatment records document minimal psychological complaints even with his recent discontinuance of psychiatric medication' is based on substantial evidence as a whole." *See supra*, section 1 (citing AR. 16, 21). When discussing plaintiff's allegations and testimony, the ALJ included a similarly thorough discussion of plaintiff's psychological records, for example, noting that in July 2012, plaintiff "reported having good mood [and] exhibited normal mood, normal affect, normal behavior, and normal judgment." AR. 19. The ALJ also noted that in September 2012, plaintiff "now demonstrated good grooming, normal speech, logical and connected thought process, pleasant and

cooperative behavior, good eye contact, normal psychological activity, good judgment, appropriate thought content, intact memory, [and] no cognitive impairment." AR. 19 (internal citations omitted). The ALJ also noted that in November 2012, plaintiff reported having a good mood and his review of symptoms was otherwise negative for anxiety or dysphoric mood; and that in February 2013, plaintiff reported "that he had self-discontinued his use of psychiatric medications, and did not request any mental health care, [and] he displayed normal mood, normal affect, [and] normal thought content." *Id*. (internal citations omitted).

Based on the ALJ's discussion of plaintiff's treatment records and based on the record as a whole, the Court concludes that the ALJ's implication that plaintiff's allegations and testimony are not consistent with the treatment records is a finding based on substantial evidence in the record as a whole.

For all of the above stated reasons, and based on the record as a whole, the Court concludes that the ALJ offered clear and convincing reasons based on substantial evidence in the record as a whole for failing to credit fully plaintiff's allegations and testimony. The Court finds no harmful legal error.

## CONCLUSION

Because the ALJ did not err when evaluating the medical evidence or plaintiff's allegations and testimony, the Court concludes that this matter should be affirmed.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **defendant** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 11**,** 2017, as noted in the caption.

Dated this 26th day of September, 2017.

J. Richard Creatura
United States Magistrate Judge